UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darren C. Sander,

    Plaintiff,

    v.    Case No. 1:11cv673

Commissioner of Social Security    Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's January 2, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and that Plaintiff's alternative motion for consideration of new evidence should be denied. (Doc. 18.)

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 20.)

**I.**     **BACKGROUND**

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. Plaintiff objects to the Magistrate Judge's R&R on the basis that (1) the Magistrate Judge concluded that the ALJ properly considered whether Plaintiff met or equaled Listing 1.04; (2) the Magistrate Judge found that the ALJ's residual functional capacity ("RFC") assessment is supported by substantial evidence; (3) the Magistrate Judge found that there was sufficient evidence to support the ALJ's determination that there were a significant number of jobs in the national and regional

economy that Plaintiff could perform; and (4) the Magistrate Judge found that a subsequent favorable decision awarding benefits did not warrant remand under sentence six of 42 U.S.C. § 405(g).

For the most part, these objections repeat the arguments made by Plaintiff in the Statement of Specific Errors. (Doc. 11).

## II. ANALYSIS

### A. Listing of impairments

At the third step of the five-step disability evaluation process, a claimant will be found disabled if his or her impairment meets or equals one of the listings in the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R.. § 404.1525(c)(3). A claimant must satisfy all of the criteria to meet the listing. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 653 (6th Cir. 2009). "During the first four steps, the claimant has the burden of proof; the burden shifts to the SSA only for the fifth step." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422-23 (6th Cir. 2008) (citing Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir.1997)). Therefore, the claimant bears the burden of proving every element of the listing. *King v. Sec'y Health & Human Servs.*, 742 F.2d 968, 974 (6th Cir. 1986).

In his objections, Plaintiff cites to a consultative physical evaluation performed by Dr. Ronald Bagner in 2008 to support his contention that he meets either Listing 1.04 or 11.08. (Tr. 334-337). Dr. Bagner observed that Plaintiff "ambulates with a slow and cautious gait;" "ambulates with moderate difficulty, gets on and off the examining table with moderate difficulty;" "marked spasticity in the musculature of the lower extremities;"

and "marked spasticity of the fingers and hand bilaterally." (Tr. 334).[1]

Plaintiff points out that the North Carolina Department of Health and Human Services ("DHHS") relied on the findings of Dr. Bagner to conclude that Plaintiff was eligible for Medicaid. A review of this decision, which was made a part of the administrative record in this case, shows that the North Carolina DHHS employs the Social Security Administration's regulations when making its eligibility determination. (Tr. 183) ("In order to be eligible for Aid to the Disabled-Medical Assistance, appellant must be found disabled as defined by federal law set forth in 20 CFR 404 and 20 CFR 416, including Appendices 1 and 2."). Applying the five-step analysis, the North Carolina DHHS hearing officer found that Plaintiff met the requirements of Listing 1.04 and was disabled under the regulations. (Tr. 184). In reaching this determination, the hearing officer cited the evaluation of Dr. Bagner (Id.)

Plaintiff has called the Court's attention to Judge Rose's decision in *Rothgeb v. Astrue*, 626 F.Supp.2d 797 (S.D. Ohio). Judge Rose recognized that the Social Security regulations provide that the decision of another governmental agency is not binding on the Commissioner. *Id.* at 809 (citing 20 C.F.R. § 404.1504.[2]). However, Judge Rose explained that "[w]hile there is no consensus among the circuits as to how much weight another governmental agency's decision should receive, all circuits at minimum require

---

[1]The ALJ's written decision included a discussion of Dr. Bagner's findings. (Tr. 18).

[2]This regulation provides:

A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

the ALJ to consider the other agency's decision." *Id.*  Accord *Shumaker v. Comm'r of Soc. Sec.*, 1:11 CV 2801, 2013 WL 441060 *14-15 (N.D. Ohio Jan. 15, 2013) (collecting cases from other federal circuits and district courts from within the Sixth Circuit).

In this instance, the ALJ did not include any discussion of the decision of the North Carolina DHHS.  This error has not been found to be harmless.  *Id.* at *15 ("The ALJ's failure to acknowledge the VA determinations is not harmless, and even if his ultimate decision does not change, the ALJ must articulate why.").

**B.** **Remand**

Under 42 U.S.C. § 405(g), a court has the authority to remand a case for further administrative proceedings under either "sentence four" or "sentence six" of the statute.

Under sentence four, the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  Remand under sentence four is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

Under sentence six, remand is appropriate "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).  However, the fact that another party has met the prerequisites for a different sort of remand does not satisfy the statutory requirements of both "good cause" and "new and material evidence" necessary for a sentence six remand for the consideration of additional evidence.  *Hollon*

*ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 485 (6th Cir. 2006).

The Court concludes that a sentence four remand is warranted to permit consideration of the finding of disability by the North Carolina DHHS. However, the Court finds that the Magistrate Judge was correct in concluding that a sentence six remand is not warranted. Plaintiff seeks a remand pursuant to sentence six for consideration of a May 2012 decision by the Commissioner awarding him benefits. (See Doc. 15, at 5). The Sixth Circuit has instructed that "[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009). The Magistrate Judge found that the exhibits related to this award of benefits, including an April 2012 consultative physical examination by Dr. Richard Sheridan, were not "material" because the evidence was not probative on the question of Plaintiff's condition at the time of the ALJ's decision. Therefore, the Magistrate Judge concluded that remand pursuant to sentence six was not warranted.

The Court finds no error in this conclusion. Dr. Sheridan examined Plaintiff on April 23, 2012. (Doc. 15, at 7). The ALJ's determination in this case covered the period of time from January 1, 2006 through the date of decision in March 2011. As such, Dr. Sheridan's exam was over one year after the relevant time period. The other exhibit submitted by Plaintiff is the Ohio Bureau of Disability Determination's reevaluation of Plaintiff's current SSI application. (Id. at 14). This exhibit includes a finding by Dr. Lynne Torello that Plaintiff meets Listing 11.08 and discusses additional mental limitations. (Id. at 22). However, the opinion evidence used to reach this conclusion was dated January 23, 2012 and April 23, 2012. The Court finds that this evidence was not

"material" to making a decision regarding disability for that period of time.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's January 2, 2013 R&R (Doc. 18) is **REJECTED in PART and ADOPTED IN PART**.  The R&R is adopted to the extent that the Magistrate Judge found that remand pursuant to sentence six is not warranted. However, the Court **REVERSES AND REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for a determination of what weight, if any, is to be given to the decision of the North Carolina DHHS which found that Plaintiff was disabled. Accordingly, this case is **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                       */s/ Michael R. Barrett*
                                       Michael R. Barrett, Judge
                                       United States District Court