UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARREN SANDER,                          Case No. 1:11-cv-673

      Plaintiff,                             Barrett, J.
                                                         Bowman, M.J.

    v.

CAROLYN COLVIN
ACTING COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff has filed an opposed motion seeking an award of attorney's fees under 42 U.S.C. §406(b). Pursuant to local practice, the motion for attorney's fees and costs has been referred to the undersigned magistrate judge. For the reasons that follow, I recommend that the motion be GRANTED, but that the fee requested by counsel be reduced.

### I. Background

In September 2008, Plaintiff applied for both Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"), alleging disability due to physical and mental impairments, with an onset date of January 1, 2006. Plaintiff's application was denied in March 2011 after an evidentiary hearing before an ALJ. On September 27, 2011, Plaintiff filed a judicial appeal of that adverse decision in this Court, pursuant to 42 U.S.C. §405(g).

On January 2, 2013, the undersigned recommended that this case be affirmed, pursuant to sentence four of 42 U.S.C. §405(g), on grounds that the ALJ's decision was supported by substantial evidence in the administrative record. Plaintiff, through counsel, timely filed objections to the undersigned Judge's Report & Recommendation

(Doc. 20). The report and recommendation ("R&R") was rejected in part and adopted in part by the presiding district Judge on March 13, 2013. (Doc. 21). The Court concluded that a sentence four remand was warranted to permit consideration of the finding of disability by the North Carolina Department of Health & Human Services. ("DHHS"). Specifically, the Court found that the ALJ had not included any discussion of the decision of this state agency decision, and determined that this error was not harmless. Accordingly, the Court reversed and remanded pursuant to sentence 4 of 42 U.S.C. §405(g) for a determination as to what weight, if any, should be given to the North Carolina DHHS decision. (Docs. 21, 22).

Thereafter, the Appeals Council sent the case back to Mr. Sander's local office of Disability Adjudication and Review in Cincinnati where it was considered by the ALJ. On February 28, 2014 the ALJ issued a fully favorable decision finding that Mr. Sander had been disabled since February 16, 2008. Plaintiff has since amended his alleged onset date to this date. Two Notices of Award have since been issued to Mr. Sander by the Social Security Administration. (Doc. 23). Plaintiff's counsel subsequently filed a motion in this Court seeking an award of attorney's fees pursuant to 42 U.S.C. §406(b) on December 3, 2013.

Counsel's motion reflects that Plaintiff signed a contingency fee contract, in which he agreed to pay 25% of any award of all past due benefits that resulted from a successful appeal in federal court. (Doc. 23). Plaintiffs §406(b) motion seeks a judicial determination that counsel is entitled to an award of $18,000.00 under the contingency fee contract. The Notice of Awards advises the claimant and counsel that the Social Security Administration has withheld the amount of $19,866.25 for possible attorney fees. *Id.*

2

**II. Analysis**

**A. Relevant Provisions for Payment of Attorney's Fees**

Prior to turning to the motion at hand, it is useful to briefly review the three statutory provisions that provide for the payment of attorney's fees to counsel who practice before the Social Security Agency at the administrative level, or who successfully appeal adverse social security decisions to this Court. First, the Equal Access for Justice Act ("EAJA"), which broadly applies outside of the social security context, authorizes this Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials. *See* 28 U.S.C. §2412(d)(1)(A). A plaintiff who wins a remand of his social security appeal is considered to be a "prevailing party," regardless of whether benefits are ultimately awarded. An EAJA fee award has no impact upon a claimant's future award of benefits, because the award comes from the Social Security Administration. By statute, an EAJA motion must be filed within 30 days of the date that final judgment is entered by this Court. 28 U.S.C. §2412(d)(1)(b); (d)(2)(G).

Two additional fee provisions are contained in the Social Security Act itself. For work performed by counsel at the administrative level, 42 U.S.C. §406(a) provides for payment of fees, generally up to $6,000.00. The referenced provision authorizes payment to both attorneys and to non-attorney representatives, as the title reflects, "for representation before [the] Commissioner of Social Security." Because §406(a) is designed to pay for work performed at the administrative level, it is the Commissioner of the Social Security Agency, and not this Court, that is authorized to make those awards. *See generally Cohn Law Firm v. Astrue*, 968 F. Supp.2d 884 (W.D. Tenn. 2013)(granting summary judgment to Commissioner where Plaintiffs filed suit under the

3

Mandamus Act to compel Commissioner to pay additional fees under §406(a)).

Last, federal courts are authorized to pay attorney's fees under 42 U.S.C. §406(b), up to the statutory maximum of 25%, for work performed in federal court during the judicial appeal of an adverse administrative decision. In contrast to the EAJA which authorizes fees for obtaining remand to the agency even if no benefits are ever awarded, a §406(b) fee can be awarded <u>only</u> when the agency awards benefits to the plaintiff after remand. Also in contrast to the EAJA, §406(b) fees come directly out of the successful claimant's award, thereby reducing his or her benefits, and generally must be supported by a fee agreement. Unlike the EAJA, §406(b) does not contain a statutory time limit for filing the motion, but instead is governed by the general time limit for filing a motion for fees contained in Rule 54(d)(2), Fed. R. Civ. P.

Despite the differences between the statutory provisions, Congress has made clear that an attorney may not obtain a double-recovery for the same work. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989). Thus, in cases where an attorney first receives an EAJA award and then subsequently seeks an award under §406(b), he or she is required to remit to the claimant the smaller of the two awards. *Id.* Additionally, the total fee award made under the combination of §406(a) and §406(b) may not exceed 25% of the total award of past benefits.

**B. Merits of Motion**

**1. Timeliness**

The Commissioner has filed a response in opposition to Counsel's motion. It is well established that the Commissioner may express a position as to the reasonableness of the request. *Moore v. Califano*, 471 F. Supp. 146,149 (S.D. W. Va.

4

1979), *appeal dismissed*, 622 F.2d 585 (4th Cir. 1980). This Court has an affirmative duty under *Gisbrecht* and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under §406(b). That affirmative duty includes an examination of the timeliness of the motion.[1] As the undersigned has frequently noted, and as implicitly adopted by the Sixth Circuit in the recently published case of *Lasley v. Com'r of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014), a motion for attorney's fees under §406(b) generally must be filed within 14 days of receipt of the Notice of Award. Counsel's motion for attorney's fees was filed with this Court on December 3, 2014. Two Notices of Award were issued to Mr. Sander on August 12, 2014 and October 28, 2014. (Doc. 23, Exhibit A & B). Thus, Counsel did not timely file his motion under this standard. However, in the interests of justice as well as the inherent inequity in failing to award any fee to an attorney who has successfully expended time in this Court to the substantial benefit of his client, the undersigned will recommend that equitable tolling be applied to consider the § 406(b) motion as if timely filed.

---

[1] While some courts have amended their local rules to better articulate the deadline for filing §406(b) motions, most courts have applied the doctrine of equitable tolling to construe the date of the Notice of Award as the operative "judgment" date under Rule 54(d)(2). *See, e.g., Walker v. Astrue*, 593 F.3d 274, 276 (3rd Cir. 2010*); Reynolds v. Com'r of Soc. Sec.*, 292 F.R.D. 481, 484-485 (W.D. Mich. 2013); *Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(applying equitable tolling and Rule 54(d)(2) on facts presented); see also, generally, *Lasley v. Com'r of Soc. Sec.,* Case No. 1:10-cv-394-SJD, 2013 WL 3900096 (S.D. Ohio, July 29, 2013), adopted by Dlott, J. at 2013 WL 6147841, *aff'd* 771 F.3d 308 (6th Cir. 2014); *Boston v. Com'r of Soc. Sec.*, Case No. 1:10-cv-408-HRW, R&R adopted at 2014 WL 1814012 (S.D. Ohio, May 7, 2014); *Proctor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-127-SSB, 2013 WL 308730 (S.D. Ohio Jan. 25, 2013), adopted at 2013 WL 607968 (Feb. 19, 2013); *Willis v. Com'r of Soc. Sec.*, Case No. 1:10-cv-594-MRB, 2013 WL 4240835 (S.D. Ohio, Aug. 14, 2013), *adopted as modified in part*, 2014 WL 2589259 (S.D. Ohio, June 10, 2014); *Cyrus v. Com'r of Soc. Sec.*, Case No. 1:11-cv-234-MRB, R&R adopted at 2014 WL 5432123 (S.D. Ohio, Oct. 27, 2014); *Wallace v. Social Security*, Case No. 1:09-cv-382-SSB, 2013 WL 3899964 (S.D. Ohio, July 28, 2013), adopted at 2013 WL 4517772 (Aug. 26, 2013).

**2. The Case for a Reduction in the Fee Award**

As has been discussed by this Court and others, the Commissioner has little incentive to file any response at all to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Even when a response is filed by the Commissioner, it often expresses no position.[2]

On the other hand, by statutorily capping contingency fee awards in social security cases at 25%, Congress has attempted to protect often-desperate plaintiffs from giving up too much of their future benefit awards for the sake of obtaining legal representation. The Sixth Circuit has explained that §406(b) includes a directive to the federal courts to affirmatively examine the "reasonableness" of any fee award up to that maximum. The court has emphasized that the 25% statutory cap should not be "viewed as per se reasonable" and instead, should be "a starting point for the court's analysis." *Rodrizuez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Thus, federal courts must balance the rights of counsel to a fair fee with the need to safeguard the rights of litigants whose interests are necessarily adverse to those of counsel in the limited context of a §406(b) award. *See generally Gisbrecht v. Barnhart*, 535 U.S. at 807-809 (holding that courts must review contingent fee agreements in social security cases to assure that they yield "reasonable results in particular cases.").

An attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d

---

[2] *See, e.g., Childres v. Com'r of Soc. Sec.*, Case No. 1:09-cv-173-MRB, Response at Doc. 22, stating: "The Commissioner states that he has no financial stake in the matter, and no objection to Plaintiff's §406(b)] motion."

689 (S.D. Ohio 2013)(*citing Gisbrecht*, 535 U.S. at 807). A contingency fee award may be reduced if counsel was incompetent or ineffective, but that obviously would rarely be the situation in cases in which counsel has obtained benefits for his or her client after winning a remand in this Court. However, under *Gisbrecht*, a "downward adjustment" also is warranted to avoid a "windfall" - when the amount of benefits is large in comparison to the amount of time counsel spent on the case. *Id.* at 808; *see also Lowery* (approving unopposed request for contingency fees based well-supported motion that represented significant voluntary reduction to just 14.5% of the past-due benefits award); *accord Reynolds*, *supra* at *4 (noting counsel's "request of approximately 17% of his client's past-due benefits award [represents] a significant discount from his agreed-upon contingency fee).

    A full contingency award constituting 25% of the past due benefits may constitute a windfall in cases where the total award is large due chiefly to the passage of time – even (as is usually the case) when the delay is not attributable to counsel but instead merely results from the slow wheels of justice and inevitable delays occasioned within the social security agency itself. *Accord Dearing v. Sec. of Health and Human Servs.*, 815 F.2d 1082 (6th Cir. 1987); *Boston v. Com'r of Soc. Sec.*, 2014 WL 1813012 at *1 ("Courts are generally reluctant to award large contingency fees in social security cases in which the chief reason for the size of the award is the ponderous pace of the administrative process."); *Wallace, supra* ("[B]y definition, litigants who have been determined to be entitled to Title II disability benefits may be especially vulnerable to the imposition of exorbitant fees, particularly given the near certainty that years will have elapsed between their initial applications, remand by this Court, and the ultimate award of benefits.").

7

Turning to the record presented, Plaintiff's motion is supported by a short memorandum that details counsel's time records from his file review shortly before filing the judicial appeal in this Court, through March 13, 2013, just after this Court issued its decision. Counsel expended 34.35 hours on this case in its entirety.[3] Dividing those hours into the total fee sought by the number of hours expended yields a hypothetical hourly rate of $524.02.

In *Boston v. Com'r of Soc. Sec.*, the Court surveyed a representative sample of recent cases within this district and noted: "In recent social security cases, this Court has indicated that $350 to $360 per hour represents a "per se reasonable" fee under §460(b), because those hourly rates fall within the twice-the-standard-rate presumption of *Hayes*." *Id.* at *2. In *Wallace*, the undersigned noted the same "floor" established by *Hayes. v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990). And again in *Lasley*, affirmed by the Sixth Circuit, the undersigned cited *Hayes* for the "presumed reasonableness" of §406(b) fee awards that amount to "less than twice the standard rate," and for the proposition that "a hypothetical hourly rate that is equal or greater than twice the standard rate may well be reasonable." *Lasley*, 771 F.3d at 309 (quoting the R&R and *Hayes*, 923 F.2d at 422). In its affirmance of *Lasley*, the Sixth Circuit confirmed that its precedent clearly "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25–percent cap." *Lasley*, 771 F.3d at 309 (citing *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir.1991); *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989) (en banc)). At the same time, *Lasley* held that "[n]othing in *Hayes* prevents a court from

---

[3] Although only fees for time spent in federal court may be included in any award made pursuant to 42 U.S.C. §406(b), the undersigned finds the .75 hours spent in pre-filing review to be so de minimis that no subtraction of the claimed hours is required.

*considering* arguments rebutting the presumption of reasonableness." *Id.* In fact, *Lasley* pointed out that the Supreme Court in *Gisbrecht* "elides strict presumptions altogether." *Id.* (noting that *Gisbrecht* instructed courts to consider standard rates, focusing on reasonableness and avoiding windfalls, and quoted the claimants' concession that §406(b) "does not create any presumption in favor of the agreed upon amount.").

In *Lasley*, the undersigned reduced counsel's claimed fee from a hypothetical hourly rate of $733 to a hypothetical rate of $360 per hour - in part due to counsel's delay in filing his §406(b) motion. In addition to counsel's delay in filing his §406(b) motion in that case, the undersigned cited the extremely high claimed hourly rate which was more than quadruple the standard EAJA rate, the opposition of the Commissioner (ordinarily a disinterested party to §406(b) motions), the lack of any offer to negotiate or reduce the fee to the benefit of the Plaintiff in order to reduce the likelihood of a windfall to counsel, the relative brevity of representation, and the relative simplicity of the claim presented to this Court.

Some of these same factors – but not all – apply to the record in this case. Like in *Lasley*, counsel delayed filing his motion for fees after receipt of the Notice of Award. In addition, the Commissioner has opposed counsel's motion for fees in this case. Moreover, the fee that counsel seeks – a total of $18,000.00 – is somewhat less than the amount he could seek under his contingency agreement and the statute. Nevertheless, the calculated hourly rate of $524.02 is notably larger than the hourly rate that this Court has most frequently found to be "reasonable" in §406(b) cases. Such a high hourly rate – due here to the passage of time from the original disability onset date and the circumstances surrounding counsel's acceptance of the case – should be

9

closely scrutinized for reasonableness. Counsel advocates for such a high rate on grounds that the nature of the services and the risk involved with contingent fee arrangements warrant such fees. (Doc. 23). However, Counsel did not expend an extreme number of hours on this case, and working on a contingent fee agreement is a choice made between counsel and client. In cases such as this one where counsel has achieved an excellent result for his client, has made some offer to compromise his fee, and has demonstrated an efficient use of hours despite relatively complex issues, it is arguable that a higher-than-usual rate should be awarded without amounting to a "windfall."

Based on the entirety of the record herein, the undersigned concludes that the claimed fee of $18,000 should be reduced, to $12,366 ($360.00 per hour x 34.35 hours), in order to avoid a windfall. The hypothetic hourly rate of $524, is notably greater than the usual hourly fee awarded by this Court for contingency fee awards made under §406(b), and double counsel's standard hourly rate. Thus, in exercising the discretion that is required to this case, the undersigned finds the recommended award to be a "reasonable" fee that reflects the balance of considerations and factors required under controlling Supreme Court and Sixth Circuit case law.

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**: Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Doc. 25) should be GRANTED, in part. IT IS FURTHER RECOMMENDED THAT counsel be awarded a total of $12,366.00 out of Plaintiff's award of past-due benefits.

                                    *s/ Stephanie K. Bowman*
                                    Stephanie K. Bowman
                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARREN SANDER,                      Case No. 1:11-cv-673

      Plaintiff,                         Barrett, J.
                                          Bowman, M.J.
   v.

CAROLYN COLVIN
ACTING COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).